978 F.2d 716
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel J. BURKHART, Defendant-Appellant.
 No. 90-50254.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 2, 1992.*
Decided Nov. 6, 1992.
 
 Before WALLACE, C.J., and TROTT and T.G. NELSON, Circuit Judges.
 
 MEMORANDUM
 
 1
 Burkhart appeals from his conviction of conspiracy, securities fraud, wire fraud, and aiding and abetting, on the basis that the district court improperly denied his motion to dismiss the indictment as violative of due process because of preindictment delay. The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We review for an abuse of discretion, United States v. Gonzalez-Sandoval, 894 F.2d 1043, 1050 (9th Cir.1990) (Gonzalez-Sandoval ), and we affirm.
 
 
 2
 As a prerequisite to establishing a due process violation for preindictment delay, Burkhart must demonstrate that the delay caused him to suffer actual prejudice. United States v. Moran, 759 F.2d 777, 780 (9th Cir.1985) (Moran ), cert. denied, 474 U.S. 1102 (1986). Because "statutes of limitations ... provide 'the primary guarantee against bringing overly stale criminal charges,' " United States v. Lovasco, 431 U.S. 783, 789 (1977), quoting United States v. Marion, 404 U.S. 307 (1971), Burkhart "has a heavy burden to prove that a pre-indictment delay caused actual prejudice: the proof must be definite and not speculative, and the defendant must demonstrate how the loss of a witness and/or evidence is prejudicial to his case." Moran, 759 F.2d at 782. "Our cases reflect this heavy burden, as we frequently find actual prejudice lacking." United States v. Sherlock, 962 F.2d 1353, 1354 (9th Cir.1989) (Sherlock ).
 
 
 3
 Burkhart alleges that had he known the Federal Bureau of Investigation (FBI) was conducting a criminal investigation, he would have relied on his Fifth Amendment right against self-incrimination to refrain from answering questions at his deposition taken in April of 1986, in connection with a civil action arising out of the same facts as does Burkhart's criminal conviction. However, the criminal activity of which Burkhart was convicted continued through February or March of 1986. As of April 1986, when the allegedly prejudicial testimony took place, there was no prosecutorial delay to speak of--approximately one month had passed since Burkhart's criminal activity had ceased, and the FBI's investigation had just barely begun. Even if Burkhart was prejudiced by his testimony at the April 1986, deposition, such prejudice did not occur as a result of preindictment delay. See Moran, 759 F.2d at 782 (defendant must "prove that a pre-indictment delay caused actual prejudice"); accord Sherlock, 962 F.2d at 1354.
 
 
 4
 Burkhart also alleges that he suffered prejudice because the government took unfair advantage of the ongoing civil litigation, using his former employer "as a quasi-agent to collect information under the guise of a civil proceeding." Burkhart points to no facts in support of this contention. The record demonstrates that the FBI's contacts with the attorneys representing Burkhart's former employer in the civil action were limited to discussing depositions that had already taken place and photocopying deposition transcripts. The government used the attorneys in the civil action not as agents, but as sources of information in a continuing investigation. Burkhart's allegations do not amount to definite, nonspeculative proof of actual prejudice resulting from preindictment delay. Cf. Moran, 759 F.2d at 782.
 
 
 5
 Burkhart makes other allegations of prejudice, including vague references to memory loss and lost testimony. All of these claims are too speculative to establish actual prejudice. See Sherlock, 962 F.2d at 1354; Moran, 759 F.2d at 782; United States v. Pallan, 571 F.2d 497, 500-01 (9th Cir.), cert. denied, 436 U.S. 911 (1978).
 
 
 6
 Burkhart has failed to make the prerequisite showing that the preindictment delay of which he complains caused him actual prejudice, we need not consider the government's reasons for the delay. Gonzalez-Sandoval, 894 F.2d at 1051. The district court did not abuse its discretion in denying Burkhart's motion to dismiss the indictment.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4